BEFORE THE SECOND DIVISION, SEPTEMBER 25, 1942

**No. 47604.**—Protest 37973–K of Ignaz Strauss & Co. (New York).

TILSON, Judge:    This suit was filed by the plaintiffs seeking to recover a certain sum of money alleged to have been illegally exacted as customs duties on imported merchandise.    Duty was levied on the merchandise at 90 percent under paragraph 1529 (a) of the act of 1930, and the plaintiffs claim the same to be properly dutiable at only 65 percent ad valorem under paragraph 1211 of the same act, as manufactures in chief value of silk, not specially provided for.

The only information we are able to glean from the official papers indicates that the merchandise was classified as articles in chief value of yarns and threads, appliqued.    There is, therefore, no presumption that the merchandise is, or that the collector found the same to be, any of the other articles provided for in said paragraph 1529 (a).

The merchandise in this case is identical with the merchandise which was passed upon in *Ignaz Strauss* v. *United States*, Abstract 46167, the sample in that case being admitted in evidence herein by consent as representing the merchandise in this case.    The record in the former case was also admitted in evidence herein, and upon that record the case was submitted for decision.    In the former case we said:

The central portion of the sample resembles an apple, from the stem portion of which protrudes a wire made to resemble the stem of the apple.    Entirely independent of the yarns, threads and filaments portion of the apple, and attached only to the so-called wire stem are two leaves.    These two leaves are attached to the so-called wire stem by winding a brown thread around the so-called wire stem and over and under the two leaves so as to hold one end of the two leaves close to the so-called wire stem.

The attachment of the two leaves to the so-called wire stem of the apple, as shown by the sample in evidence, does not answer to any of the definitions of appliqued as given by the lexicographers or as judicially defined by the courts. The pin cushions are, therefore, not appliqued, and the collector erred in so classifying them.

So far as the present merchandise being appliqued is concerned, the above quotation clearly expresses our views in this case.    In the former case counsel for

the defendant made the contention that the merchandise was embroidered, and should therefore be held to be properly dutiable at 90 percent under said paragraph 1529 (a). This contention was denied upon the ground that the court was "not prepared to hold upon an inspection of the sample alone, this stitching rises to the dignity of embroidery." This contention is not advanced in the present case, but the contention is made in this case that the doll-like figures surrounding the central portion of the pincushion are ornamental, and for that reason the merchandise is dutiable at 90 percent under said paragraph 1529 (a).

In the first place it should be noted that there is no provision in said paragraph 1529 (a) for ornamental articles. If the position taken by the defendant's counsel could be construed as a contention that the imported merchandise is composed in part of ornaments by reason of the eight doll-like figures which surround the central portion of the pincushion, then we feel that such contention was clearly answered adversely in the case of *Sommers* v. *United States*, T. D. 44331, wherein the court said:

It will be noticed from the foregoing extracts from the testimony of the Government's witnesses that these dolls have none of the characteristics of ornaments and trimmings specified in paragraph 1430 and are not *ejusdem generis* with any of the articles specified in the paragraph; nor has it been shown that they are "composed in any part, however small," of any of the merchandise specified in the portion of paragraph 1430 heretofore quoted.

Paragraph 1430 is one of the leading paragraphs of the Tariff Act of 1922 and has been a very fruitful subject of litigation, but its wording indicates that merchandise like this doll, though possibly ornamental, is not intended to be embraced within the word "ornaments" therein.

The above quotation was based upon and finds ample support in the case of *Robinson Goodman Co.* v. *United States*, 17 C. C. P. A. 149. After a quotation from the Robinson case, *supra*, the court in the Sommers case, *supra*, observed:

So, in the case at bar, merely because this doll ornaments or adorns what it is placed upon is no reason for holding it dutiable as ornaments under paragraph 1430.

So, in the present case, merely because these doll-like figures ornament or adorn what they are placed upon is no reason for holding the pincushions in this case dutiable as ornaments, or articles in part of ornaments, under paragraph 1529 (a).

For the reasons heretofore stated we hold all the items of merchandise on the invoice which were assessed with duty at 90 percent under paragraph 1529 of the act of 1930 to be properly dutiable at only 65 percent ad valorem under paragraph 1211 of the same act, as manufactures in chief value of silk, not specially provided for.

To the extent indicated the specified claim in this suit is sustained; in all other respects and as to all other merchandise all the claims are overruled. Judgment will be rendered accordingly.